UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD BILLUE, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-00170 (JCH) |
| PRAXAIR, Inc., | : | |
|     Defendant. | : | OCTOBER 25, 2005 |

**RULING ON DEFENDANT'S MOTION TO DISMISS [Dkt. No. 8]**

**I. INTRODUCTION**

Plaintiff Edward Billue brings suit against defendant Praxair, Inc.  The plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1000e <u>et. seq.</u> (Count One); the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 (Count Three); the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(a)(1), (3) (Count Six); 42 U.S.C. § 1985 (Count Seven); 42 U.S.C. § 1983 (Count Eight); as well as intentional infliction of emotional distress (Count Four) and breach of the covenant of good faith and fair dealing (Count Five).  The defendant moves to dismiss Counts Two, Four, Five, Six, Seven, and Eight under Fed.R.Civ.P. 12(b).  The plaintiff has filed no opposition to this motion.

Although the Complaint does not include any section devoted to Count Two, paragraph 2 of the Complaint does describe Count Two as involving a violation of "Section 46a-60(a)(3)(4)" of the Connecticut General Statutes.  Compl. ¶ 2 [Dkt. No. 1]. This section does not exist in the Connecticut General Statutes, and therefore the court, as a preliminary matter, grants defendant's motion to dismiss Count Two for failure to

1

state a claim upon which relief can be granted.[1]  Fed. R. Civ. P. 12(b)(6).

## II. DISCUSSION

### A. Pleading Standards

"The allegations of the complaint must be taken as true for purposes of a decision on the pleadings" and construed in a manner favorable to the pleader. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).  A motion to dismiss filed pursuant to Rule 12(b)(6) can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted).  However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996).

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate

---

[1] If the plaintiff intended Count Two to allege a violation of Section 46a-60(a)(4), the court would have granted the defendant's motion to dismiss this claim for a lack of jurisdiction, for the reason discussed in Part II.B of this ruling.  If the plaintiff intended Count Two to allege a violation of Section 46a-60(a)(3), the court would have granted defendant's motion to dismiss Count Two for failure to state a claim upon which relief can be granted, because 46a-60(a)(3) applies only to labor organizations, and plaintiff does not allege that defendant is a labor organization.

it. Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject matter jurisdiction generally has the burden of proving by a preponderance of the evidence that jurisdiction exists. Id.

### B.  Count Four:  Intentional Infliction of Emotional Distress

Praxair argues that Count Four is preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  As interpreted by the U.S. Supreme Court, that section grants federal district courts original jurisdiction over "controversies involving collective bargaining agreements" and "authorizes federal courts to fashion a body of federal law for the enforcement of" such agreements. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 403 (1988) (internal citations and quotation marks omitted).  "[A]n application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement." Id. at 413.

To prevail on a claim for intentional infliction of emotional distress, the plaintiff must prove that the defendant's actions in disciplining, supervising and assigning work to him were extreme and outrageous. Petyan v. Ellis, 510 A.2d 1337 (Conn. 1986). Where an employee covered by a collective bargaining agreement brings a state law claim for intentional infliction of emotional distress against his or her employer, the question of whether the employer's actions were extreme and outrageous cannot be resolved without interpreting the collective bargaining agreement, and the state law claim is preempted by the LMRA. See, e.g., Baker v. Farmers Elec. Coop., 34 F.3d 274 (5th Cir. 1994); McCormick v. AT&T Technologies, 934 F.2d 531 (4th Cir. 1991); Eisele v. S. New England Tel. Co., Civ. No. 3:98cv00790 (DJS).  The complaint states that

Billue is a member of "Local 559 – International Brotherhood of Teamsters" and discusses the union's active involvement in his July 2003 grievance against his employer. Compl. ¶ 20 [Dkt. No. 1]. From these facts, even drawing all reasonable inferences in the plaintiff's favor, the court infers that Billue's employment at Praxair is governed by the terms of a collective bargaining agreement. The court therefore grants Praxair's motion to dismiss Count Four because Billue's claim is preempted by the LMRA. It grants Billue leave to replead this count if he can allege that his employment at Praxair was not governed by a collective bargaining agreement.

### C. Count Five: Breach of Implied Covenant of Good Faith and Fair Dealing

Praxair argues that Count Five is also preempted by section 301 of LMRA, and argues further that Billue cannot bring such a claim when he has statutory remedies available to redress his claims. Section 301 of the LMRA preempts state law claims for breach of the implied covenant of good faith and fair dealing when they are brought by individuals who, like the plaintiff, are employed under collective bargaining agreements. See, e.g., D'Amato v. S. Conn. Gas Co., No. Civ.A.3:97 CV 838 CF, 2000 WL 34325258, at *6 (D. Conn. 2000); Carvalho v. Int'l Bridge & Iron Co., No. 3:99CV605 (CFD), 2000 WL 306456, at *7-*8 (D. Conn. Feb. 25, 2000); Anderson v. Coca Cola Bottling Co., 772 F.Supp. 77, 82 (D. Conn. 1991); Knight v. S. New England Tel. Co., No. 3:97CV1159 (WWE), 1998 WL 69014 at *5 (D. Conn. Sept. 18, 1998). Therefore, Count Five is dismissed[2], and the court does not reach the defendant's second argument on this point.

---

[2] As it did with respect to Count Four, supra, the court grants Billue leave to replead this count if he can allege that his employment at Praxair was not governed by a collective bargaining agreement.

### D. Count Six: CFEPA

Connecticut law permits a plaintiff ninety days after receiving a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities ("CHRO") to file a state court action on the released claim.  Conn. Gen. Stat. § 46a-101(e); see also id. at § 46a-100 (permitting state court action for CFEPA claims released by the CHRO).  Even where this court might have supplemental jurisdiction over a properly filed state law claim, it lacks jurisdiction over claims brought pursuant to section 46a-100 after the expiration of the section 46a-101(e) time period.  Golnik v. Amato, 299 F. Supp.2d 8, 13-14 (D. Conn. 2003); Szarmach v. Sikorsky Aircraft, 2001 WL 34546343, at *2 (Sept. 28, 2001).  Billue received a release from the CHRO dated June 24, 2004.  Compl. ¶ 9 [Dkt. No. 1].  He brought his complaint before this court on January 28, 2005, more than ninety days thereafter.  Billue did not file his CFEPA claim with this court within the statutory time period.  Therefore, Count Six is dismissed for lack of subject matter jurisdiction.

### E.  Count Seven: 42 U.S.C. § 1985

To make out a claim under any section of 42 U.S.C. § 1985, Billue would have to allege a conspiracy between two or more persons, among other factors.  42 U.S.C. § 1985; Chance v. Cundy, No. 3:03CV40, 2004 WL 1497547, at *7 (D. Conn. June 25, 2004) (citing Thomas v. Roach, 165 F.3d 137 (2d Cir. 1999).  Vague or conclusory allegations of "conspiracy" are not sufficient to plead a section 1985 claim.  See, e.g., Timmons v. N.Y. State Dep't of Corr. Servs., 887 F. Supp. 576, 582 (S.D.N.Y. 1999) (dismissing section 1985 claim premised on conclusory conspiracy allegation).  The

present complaint states that the "individual defendants conspired," but the only defendant in the case is Praxair, Inc.  A corporation cannot conspire with itself for section 1985 purposes.  Cole v. Univ. of Hartford, 391 F. Supp. 888, 891 (D. Conn. 1975).  Therefore, Count Seven does not state a claim upon which relief can be granted.

### F.  Count Eight: 42 U.S.C. § 1983

Section 1983 claims may be brought only against individuals acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.   Count Eight fails as a matter of law because Billue has not allege that Praxair, a private company, was acting under color of state law.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS the defendant's motion to dismiss Counts Two, Four, Five, Six, Seven, and Eight of the plaintiff's complaint.  Counts Two, Six, Seven and Eight are dismissed with prejudice.  Counts Four and Five are dismissed without prejudice to replead within 21 days if Billue can satisfy the condition stated in Sections II.A and II.B above.

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 25th day of October, 2005.


                                     /s/ Janet C. Hall
                                     Janet C. Hall
                                     United States District Judge